# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL D. BURNS,**

        **Petitioner,**

        **v.**                                **Case No. 04-C-582**

**WARDEN DANIEL J. BENIK,**

        **Respondent.**

## ORDER

On June 16, 2004, Michael D. Burns ("Burns"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. After the matter was fully briefed, Burns requested that his petition be dismissed. The court granted Burns' motion on October 17, 2005. On October 27, 2005, Burns inquired of the clerk of courts as to whether he was time barred from filing a § 2254 petition at a later date. A clerk replied that she was unable to provide Burns with the information he requested because it constituted legal advice. Currently pending before this court is Burns' motion to reopen his case, which was filed on November 27, 2006.

In Burns' motion, he explains how he fell victim to the fraud of a jailhouse lawyer. This jailhouse lawyer wrote and advised Burns to file the motion to withdraw his petition. After this jailhouse lawyer was released from prison, he also defrauded Burns' family out of $45,000, which was to secure release pending appeal. Burns says this person has fled and there is a warrant for his arrest.

Burns submits that these facts justify relief from the operation of judgment under Fed. R. Civ. P. 60(b)(6).  Burns' 2005 motion to dismiss does not give a reason for his dismissal other than to say that he requests it "due to a recent turn of events pertaining to legal issues." Burns' motion to reopen this case indicates that he sought dismissal so that he could pursue collateral relief in state court.  If this court were to grant Burns' current motion, his case would resume as he left it.  The case was fully briefed and all that remained was the decision of the court. Thus, this court will not consider claims that may have been exhausted after the case was dismissed.

If, during the interim, Burns has exhausted claims by virtue of state court proceedings, his appropriate course of action would be a new habeas petition in an attempt to include such claims. However, a subsequent petition may face various procedural limitations that Burns should consider. Burns now has the following choices, and he will be given thirty days from the date of this order in which to make his decision as to how he would like to proceed.   (1) If Burns would like to proceed with his case as it presently stands, he must advise this court in writing within thirty days of this order.  At that time, this court shall rule on Burns' motion to reopen the case.  (2) If Burns elects to take no further action in this case, either because he intends to file a new petition or because he no longer wishes to pursue his dismissed habeas petition, Burns need not contact this court regarding his present motion.  If this court does not hear from Burns within thirty days of this order, Burns' motion to reopen shall be denied.

**IT IS THEREFORE ORDERED** that within thirty days of this order the petitioner shall notify this court if he wishes to proceed with his case. If the petitioner fails to respond, the court shall deny the petitioner's motion to reopen his case.

Dated at Milwaukee, Wisconsin this <u>8th</u> day of  December, 2006.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge