# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL D. BURNS,**

        **Petitioner,**

        **v.**                                    **Case No. 04-C-582**

**WARDEN DANIEL J. BENIK,**

        **Respondent.**

## ORDER

On June 16, 2004, Michael D. Burns ("Burns"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After the matter was fully briefed, Burns requested that his petition be dismissed. The court granted Burns' motion on October 17, 2005. On October 27, 2005, Burns inquired of the clerk of courts as to whether he was time barred from filing a § 2254 petition at a later date. A clerk replied that she was unable to provide Burns with the information he requested because it constituted legal advice. On November 27, 2006, Burns filed a request to reopen this case.

On December 8, 2006, this court asked Burns to clarify his request. Burns responded to the court's request for clarification and indicated that he wanted to proceed with his petition as it existed prior to dismissal and did not want to add any additional claims for relief.

In Burns' motion to reopen his case, he explains how he fell victim to the fraud of a jailhouse lawyer. This jailhouse lawyer wrote and advised Burns to file the motion to withdraw his petition. After this jailhouse lawyer was released from prison, he also defrauded Burns' family out

of $45,000, which the jailhouse lawyer alleged was to secure Burns' release pending appeal. Burns says this person has fled and there is a warrant for his arrest.

On January 16, 2007, this court granted Burns' motion to reopen his habeas petition. In doing so, the court noted that "[t]he petition is fully briefed and ready for resolution." Nonetheless, the court permitted the respondent thirty days in which to supplement its response.

On February 14, 2007, the respondent requested an extension in which to supplement its response. The court granted this request the same day and permitted the respondent to file a response no later than February 26, 2007. The respondent did not supplement its response.

On April 6, 2007, Burns' filed a motion for summary judgment on the basis that the respondent did not supplement its response. On the same day, the court denied without prejudice Burns' motion by way of a margin order, noting that simply because the respondent elected not to supplement its response does not mean that Burns is entitled to the relief he seeks.

On April 10, 2007, the respondent filed a letter stating, in its entirety, "It would appear that the next step in the above-named case would be for the court to set a briefing schedule so the parties can file their briefs on the merits." (Docket No. 43.)

The court finds there is no reason to set a briefing schedule in this matter. In response to Burns' first request to reopen this case, the court asked Burns to clarify his request and informed him that his two options for pursuing habeas relief were to either resume this case as it existed on October 17, 2005, or to begin a new habeas petition. This court cautioned Burns that he may encounter certain procedural obstacles if he elected to begin a new habeas petition and, if he elected to pursue his present case, he would not be able to add any new claims such as those that may have been exhausted in state court after this case was dismissed. Burns elected to pursue his dismissed habeas petition and the court granted Burns' motion to reopen the case.

As the court has repeatedly noted in its recent orders in this case, this case is fully briefed and ready for resolution. Although Burns filed a "Motion For Release" (Docket No. 37) along with

2

his second motion to reopen this case, this Motion For Release is not properly before this court. The court shall resolve this case on its merits based upon the pleadings submitted prior to the October 17, 2005 dismissal. Therefore, Burns' motion for release shall be denied. To the extent that this motion raises additional facts relating to the merits of Burns' claim for relief, the court shall consider these facts as they are relevant to the claims raised in Burns' original petition. To the extent that this motion raises additional grounds for relief, the court must disregard these grounds on the basis they were not raised in Burns' initial petition. The respondent was given the opportunity to respond to these additional factual assertions, including an extension of time in which to do so, and declined to do so.

Therefore, there is no need for the court to set a briefing schedule in this case. Burns' petition is fully briefed.

**IT IS THEREFORE ORDERED** that the petitioner's "Motion For Release," (Docket No. 37), is **denied**.

Dated at Milwaukee, Wisconsin this 16th day of April, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge