UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL D. BURNS,

        Petitioner,

        v.                              Case No. 04-C-582

WARDEN DANIEL J. BENIK,

        Respondent.

## DECISION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

On June 16, 2004, Michael D. Burns ("Burns"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. After the matter was fully briefed, Burns requested that his petition be dismissed. The court granted Burns' motion on October 17, 2005. On October 27, 2005, Burns inquired of the clerk of courts as to whether he was time barred from filing a § 2254 petition at a later date. A clerk replied that she was unable to provide Burns with the information he requested because it constituted legal advice. On November 27, 2006, Burns filed a motion to reopen his case.

In Burns' motion, he explained how he fell victim to the fraud of a jailhouse lawyer. This jailhouse lawyer wrote and advised Burns to file the motion to withdraw his petition. After this jailhouse lawyer was released from prison, he defrauded Burns' family out of $45,000 and has not been heard from since.

This court ordered that Burns clarify his motion indicating whether he intended to proceed with his case as it existed before his voluntary dismissal or if he wished to begin a habeas petition

anew. Burns responded that he wished to proceed as his case existed before his voluntary dismissal and the court granted his motion to reopen his case. Therefore, the pleadings on Burns' petition are closed and the matter is ready for resolution. Burns has subsequently filed various motions including a motion for release and a motion for judgment. The pleadings on these additional motions are closed and they are ready for resolution. The parties have previously consented to the full jurisdiction of a magistrate judge.

**PROCEDURAL HISTORY**

Following a court trial, on February 15, 2001, Burns was convicted of one count of first-degree sexual assault of a child, and on April 19, 2001, Burns was sentenced fifteen years in state prison and ten years of extended supervision.

On March 20, 2002 Burns filed a motion for a new trial based upon newly discovered evidence and ineffective assistance of counsel. On March 22, 2002, the circuit court denied Burns' motion. Burns appealed and on December 5, 2002 the court of appeals summarily affirmed Burns' conviction. On February 19, 2003, the Wisconsin Supreme Court denied review.

On March 24, 2003, Burns filed a pro se motion for post-conviction relief in the circuit court, which was denied on March 27, 2003. On May 7, 2003 the court of appeals summarily affirmed the circuit court and on June 12, 2003, the Wisconsin Supreme Court denied review.

**FACTS**

On December 17, 2000, Burns sexually assaulted A.K., a friend of Burns' girlfriend's daughter, who was spending the night at his house. On December 23, 2000, Burns was charged with one count of first-degree sexual assault of a child and at a pretrial conference held on February 8, 2001, the state moved to introduce other acts evidence, specifically multiple incidents in which Burns sexually assaulted his own daughters in a manner identical to sexual assault with which he was charged. The court denied the motion. However, on the day of trial, Burns waived his right to a

2

jury trial and proceeded with a court trial. Thus, the finder of fact had knowledge of Burns' alleged prior acts.

A.K. stated that she was asleep on the couch when she awoke to someone kissing her on her lips. She described this person as having facial hair and smelling like beer and cigarettes. She was then sexually assaulted. Throughout this incident, A.K. did not open her eyes. The person then went to the kitchen and opened a can of beer or soda.

Bryan Burns, Burns' son, testified at Burns' trial that he, and not his father, sexually assaulted A.K. After he sexually assaulted A.K., his father opened his bedroom door and went into the kitchen as Bryan Burns went upstairs. However, Bryan Burns testified that he does not drink alcohol or smoke cigarettes.

Burns testified at trial in a manner consistent with Bryan Burns, including testifying that he saw a shadow in the living room and that he later confronted Bryan Burns, who admitted having sexually assaulted A.K. However, at no time prior to trial did Burns present this version of events to the police.

Following his conviction, Burns sought a new trial on the grounds of newly discovered evidence. As part of this newly discovered evidence was a letter from A.K. to Bryan Burns written the day after trial, wherein A.K. states that she loves Bryan and hopes they can remain friends. Also, Burns submitted an affidavit and letter from Bryan Burns wherein Bryan again admitted to being the one who sexually assaulted A.K. The circuit could held that Burns was not entitled to a new trial on this new evidence because, as for the statements of Bryan, they were merely cumulative of Bryan's testimony at trial, which the court elected not to believe. As for the letter purportedly from A.K to Bryan, the circuit court determined that there was not a reasonable probability of a different result if this evidence was introduced at trial.

Burns also alleged that his trial counsel was ineffective for failing to elicit testimony from Bryan regarding Bryan's romantic relationship with A.K. The circuit court determined that the trial counsel's performance was not prejudicial or unreasonable because there was no concrete evidence that a romantic relationship existed between A.K. and Bryan. Although the existence of a romantic relationship may serve to offer some explanation as to why Bryan allegedly sexually assaulted A.K., nonetheless, when asked why he allegedly sexually assaulted A.K., he testified that he did not know. Burns also alleged that his counsel was ineffective for electing to proceed with a court trial after the court became aware of the allegations that Burns previously sexually assaulted his daughters. The circuit court held that it was clear that the trial court did not rely upon this improper basis in reaching its decision, but rather upon the substantial evidence in the record.

The court of appeals adopted the decision of the circuit court as its own and the Wisconsin Supreme Court denied review. In his second post-conviction motion, the circuit court denied Burns' motion on the grounds that any argument he raised could have been raised earlier. The court of appeals summarily denied Burns' appeal and the Wisconsin Supreme Court denied review.

**STANDARDS OF REVIEW**

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in <u>Williams v. Taylor</u>, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2)

if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing

evidence." § 2254(e)(1). <u>Rice v. Collins</u>, 546 U.S. 333, 339 (2006) (citing <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005)).

And finally, if the petitioner demonstrates constitutional error under section 2254(d), he still may not be entitled to habeas relief where such error is deemed harmless; that is, the error could not have had a substantial and injurious effect or influence on the jury's verdict. <u>O'Neal v. McAninch</u>, 513 U.S. 432, 436 (1995) (internal citations omitted).

With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the issues raised by Burns.

**ANALYSIS**

In Burns' present petition he raises the following grounds for relief: (1) the circuit court did not have the authority to deny the confession of another person who admitted to the crime; (2) the court denied exculpatory evidence; (3) the court was poisoned by information regarding other acts of Burns; (4) the court of appeals falsely stated facts; (5) the prosecutor prejudiced the court by referring to Burns' other acts; (6) trial counsel was ineffective because he did not pursue the possibility that someone else might be guilty of the crime; and (7) trial counsel was ineffective for permitting a bench trial after the prosecutor referred to Burns' other acts.

Burns' claims regarding judicial misconduct (grounds (1) through (3)), appellate court judicial misconduct (ground (4)), and prosecutorial misconduct (ground (5)), were procedurally defaulted by his failure to raise the issues in his direct appeal. Therefore, he is precluded from raising them here. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 734-35 (1991). Burns fails to demonstrate cause for his failure to raise these issues earlier or that prejudice would result. Therefore, this court is unable to consider these claims.

Burns' two remaining issues involve allegations that his trial counsel was ineffective. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that the

Wisconsin court's decision was either contrary to, or the based on an unreasonable application of, federal law. Williams v. Davis, 301 F.3d 625, 631 (7th Cir. 2002) (applying § 2254(d)(1) standards). The applicable federal law governing ineffective assistance claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires the petitioner to show: (1) his attorney's performance fell below an objective standard of reasonableness; and (2) the deficient performance caused him prejudice. 466 U.S. at 687-88 (1984); Roche v. Davis, 291 F.3d 473, 481-82 (7th Cir.2002); Montenegro v. United States, 248 F.3d 585, 590 (7th Cir. 2001). Courts review counsel's performance under the first prong deferentially, presuming reasonable judgment unless the factual record rebuts such a presumption. See Strickland, 466 U.S. at 689; Matheney v. Anderson, 253 F.3d 1025, 1039 (7th Cir.2001).

With regard to the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See Strickland, 466 U.S. at 689; Matheney, 253 F.3d at 1039-40. If the court finds that the counsel's alleged deficiency did not prejudice the defendant, under the second prong, the court does not need to consider the first prong of the Strickland test. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

As for Burns' argument that his trial counsel was ineffective for failing to elicit testimony regarding the alleged romantic relationship between Bryan and A.K., at the time there was no evidence of such a relationship. Thus, in the absence of any evidence, such inaction could hardly be considered unreasonable. Additionally, as the circuit court observed, when Bryan was asked why he allegedly sexually assaulted A.K., a question that clearly would have allowed Bryan to disclose a long-term romantic relationship, if one did in fact exist, the response was that he did not know why he sexually assaulted A.K.

As for Burns' allegation that his trial counsel was ineffective for electing a court trial after the court had become aware of the allegations that Burns had previously sexually assaulted his daughters, Burns fails to demonstrate that the actions of trial counsel were unreasonable or that prejudice resulted. It is a reasonable strategic decision to recommend that a client forgo a jury trial, particularly in a case of child sexual assault, on the basis that a trial judge, who is experienced in hearing the details of such crimes, will be able to evaluate facts more fairly and objectively than would a lay jury. An attorney could reasonably expect an experienced jurist to honestly disregard any evidence he had excluded when it comes time for him to enter judgment. Further, in light of the great weight of evidence supporting Burns' guilt, Burns is unable to demonstrate that he was prejudiced by his attorney advising him to forgo his right to a jury trial.

Therefore, this court is unable to say that the decision of the state courts was contrary to or involved an unreasonable application of the <u>Strickland</u> precedent and, therefore, Burns' motion must be denied.

**IT IS THEREFORE ORDERED** the Burns' petition is **denied**. The court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Burns' Motion for Release, (Docket No. 45), is **denied as moot**.

**IT IS FURTHER ORDERED** that Burns' Motion for Judgment, (Docket No. 48), is **denied as moot**.

Dated at Milwaukee, Wisconsin this <u>5th</u> day of November, 2007.

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge